4 F.3d 986
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Lamont David AMES, Defendant-Appellant.
 No. 93-5239.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 8, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Sr., District Judge. (CA-92-254-G)
 Urs Roland Gsteiger, Wilson & Iseman, Winston-Salem, North Carolina, for Appellant.
 Benjamin H. White, Jr., United States Attorney, Douglas Cannon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Lamont David Ames appeals the sentence imposed on him after he pled guilty to possession of crack cocaine with intent to distribute in violation of 21 U.S.C.A. Sec. 841 (West 1981 & Supp. 1993). He contends that the district court clearly erred in failing to award him a three-level reduction for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual,Sec. 3E1.1 (Nov. 1992). We affirm.
 
 
 2
 Ames was arrested in Greensboro, North Carolina, with two companions, Curtis Phillips and Sharon Freeman, when the three of them got off an Amtrak train from New York and were found to be carrying drugs after a consensual search. Freeman was carrying fifty-six bundles of heroin (379.9 grams) concealed inside sanitary napkins. Another 10 packets (72.7 grams) were concealed inside a sanitary napkin she was wearing. All the packets were labeled"No Pain No Gain." Freeman had a round-trip train ticket originating in New York, and said Ames and Phillips had promised her $750 to carry the heroin. Phillips was carrying 34.9 grams of heroin in his shoes, in two bundles labeled "No Pain No Gain." Ames was carrying 36.6 grams of crack cocaine in a baby powder container. Both he and Phillips had ticket receipts in the name of Walter Dunlap. Phillips told authorities that Ames had bought both tickets.
 
 
 3
 Ames was charged with possession with intent to distribute heroin (Count One) and crack cocaine (Count Two). He pled guilty to the crack charge, but denied knowing anything about the heroin. He claimed that Freeman and Phillips were traveling together when he met them on the train, and that the crack he was carrying was for his own personal use. When the probation officer recommended no reduction for acceptance of responsibility, Ames objected.
 
 
 4
 At the sentencing hearing, Freeman testified that Ames had contacted her at her home in New York and asked her to carry the heroin to North Carolina for $750. She said he bought her ticket, came up with the idea of packaging the heroin in sanitary napkins, and did the packaging. She said she met Phillips for the first time on the way to the train station, and was told that he also was carrying heroin.
 
 
 5
 The district court found Freeman credible, found that the preponderance of the evidence established that Ames was responsible for the heroin, and that he had not accepted responsibility for all the relevant conduct for which he was accountable. See U.S.S.G. Sec. 1B1.3(a)(1), (a)(2). A defendant's false denial of relevant conduct that the sentencing court finds to be true is inconsistent with acceptance of responsibility. U.S.S.G. Sec. 3E1.1, comment. (n.1(a)). We find that the district court did not clearly err in denying the reduction.
 
 
 6
 Therefore, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED